# UNITED STATES DISTRICT COURT
## Northeastern Division–District of North Dakota
# ORDER OF DETENTION PENDING TRIAL

(Local Form 12/05 lrh)

**United States of America vs.  Tomas Pascual Case No. 3:07-mj-67**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of defendant pending trial in this case.

## PART I–FINDINGS OF FACT

☐ **Alternative A** – Both of the following facts are present:
  ☐ (1) There is probable cause to believe that defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq.
    ☐ under 18 U.S.C. § 924(c), § 956(a), or § 2332b.

  ☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.

☐ **Alternative B** – One or both of the following facts are present:
  ☐ (1) There is a serious risk that defendant will not appear.

  ☐ (2) There is a serious risk that defendant will endanger the safety of another person or the community.

X **Alternative C** – One of the following facts is present:
  X (1) Defendant does not contest detention at this time.

  ☐ (2) Defendant is ineligible for release at this time.

## PART II–WRITTEN STATEMENT OF REASONS FOR DETENTION

After consultation with counsel, during which services of an interpreter were available, Tomas Pascual, who identifies himself as Pascual Tomas, confirmed on the record that he understood his right to a hearing on the government's motion for detention pending trial, and waived his right to that hearing.  He also signed a Waiver of Detention Hearing.  This Court therefore finds there is no condition or combination of conditions which would reasonably assure his appearance at future proceedings.

## PART III—DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 9th day of August, 2007.

/s/ *Alice R. Senechal*
Alice R. Senechal, U.S. Magistrate Judge